Mr. Carpenter, you may begin. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Colon-Rivera. This matter, Your Honor, deals with a question of whether or not the Veterans Court impermissibly expanded the rule concerning waiver created in its decision below in Jensen. To impose a waiver upon a claimant based upon a counsel's indication. Is a waiver a factual determination? A waiver is, Your Honor, and we're not asking this Court to determine whether there was or was not waiver. The waiver is, Mr. Carpenter. Did you just say that? Because every case I've looked at says the existence and scope of waiver is a question of law. So if you just gave away that waiver is a question of fact, I'm going to be shocked. I apologize, Your Honor. I want to rethink it. I misspoke. It is a question of law. In this case, it is a question that deals with whether or not that rule was impermissibly expanded by the Veterans Court to include what amounts to an implicit waiver by counsel as opposed to an explicit waiver by the appellant or the claimant in the case. In this case, the Veterans Court relied upon a reference made by the counsel for the appellant to the board indicating that the board had adequately developed the record. We believe that this is a statement that was taken out of context. That's not the extent of that statement that the then counsel made, right? Mr. Carpenter, let's look at it. JA-132 is where it starts. It's the celebrated firm of Eagle and Weilheimer representing the veterans at that time. The record is complete and no further development is necessary. That sort of is saying you've satisfied your duty to assist. That's on page 134. And then it goes on to say there's no need to develop any additional medical evidence in this case. To do so would be tantamount to developing evidence for the purpose of denying a claim, which is strictly prohibited. So this counsel is saying in that paragraph, the duty to assist has been satisfied. Any further action supposedly satisfying the duty to assist would be the duty to unassist. And then the next paragraph says, oh, by the way, if we lose, give us another bite of the apple. Now that's the whole of what the counsel said. That's correct. And the BVA, the CAVC looking at this, maybe they say, well, whether those are waivers or questions of law, but it depends on underlying facts. And they say, in this case, I don't think that this throwaway line of, oh, if I lose, send me back, is sufficient to overwhelm what's in the paragraph immediately above. Well, even if one assumes- Isn't that the issue? Well, your honor, I believe the issue is more specifically whether or not counsel can make that waiver on behalf of the veteran. And more particularly- Well, excuse me. I mean, this is something really special. I didn't understand this. So you're going to say on waiver law, only the client can waive. A counsel can't waive for a client. Is that what you're saying? Well, certainly in a criminal context, counsel can't waive. This is not criminal context. No, I understand that. But is that the rule of law you're asking for? Well, I was unclear what opinion you wanted me to write to have you prevail here. I scratched my head over that. So now I think I understand. You want me to say that in the veteran setting, a lawyer, as a matter of law, can never waive the privilege of the client. Only the client can waive it. Yes, your honor. That's your position? That's correct, your honor. And we believe that what the veterans court- Give me some help. You have no case- Well, there is- In a civil setting, do you have a case anywhere in civil law, anywhere in our country, state, federal, whatever? No, your honor, I do not. There's not a law. This would be the first one. This would be the first one. I mean, this is breathtaking. I don't believe it is breathtaking, your honor, because it's in the context of the veterans- You've got to admit, you sometimes hide the ball in your groove. You've got to admit that this particular question, that is to say that a lawyer can never waive for a veteran. That's not anywhere in any of your briefs. Well, to the extent of never, no, it's not, your honor. But we did present the question of whether or not the lower court expanded the rule that was created in Jensen. And the rule that was created in Jensen was based upon an appellant's knowing waiver of his right to the duty to assist, not based upon whether or not his counsel may or may not have waived that intentionally or unintentionally. But I think even more importantly- Wait, wait. So hold on. So is your- because existence and scope of waiver is a question of law, but the issue of knowledge is a question of fact. The intentionality, the knowledge is a question of fact, actually, under all the law I could find. And so Judge Rayner's initial question to you was, isn't this a question of fact? If you're hinging your argument on whether he knew or didn't know, that's a question of fact through and through, and we have no jurisdiction to review that. So if your client is saying, this isn't fair, my attorney may have waived, but I didn't know about it, if that's your response to Judge Clevenger, you can't get any satisfaction from us. There's no jurisdiction. No, Your Honor. But because that was not what was examined by the Veterans Court below. The Veterans Court relied exclusively upon the references referred to by Judge Clevenger by counsel below, and that that was the basis for the waiver. And we believe that that basis relies exclusively upon a representation made by the veteran. But in the context of this, excuse me, by counsel, not by the veteran. In the context of this case, we're dealing with the ability of the appellant on appeal to raise the VA's violation of the duty to assist, not to collect three years' worth of treatment records that were developed by the VA for the treatment of. You're switching to the alternative now. Let's stick with waiver for a minute, because I am perplexed at your characterization of the argument in response to Judge Clevenger's questions. You're really standing here arguing that the reason that we should overturn the CAVC decision is because the client didn't assert the waiver, the attorney did, and the client shouldn't be bound by that assertion? No, Your Honor. I am saying that the reliance by the Veterans Court was exclusively upon the representations made by counsel. What's wrong with that? I believe what's wrong with that is that in this system, this is- Have you made any showing, Mr. Carpenter, that, I mean, I didn't see an affidavit in here from a veteran saying my lawyer got out in front of me here. I mean, if you're going to make this argument, don't you have to have some grounding in it? Don't you have to say, well, this is a case in which the lawyer was not speaking for the client? Well, Your Honor- Where's the affidavit from the veteran? That may be true, and that may have been a better- I mean, isn't it ordinarily a presumption in a civil setting that if a member is standing of the good bar, can't I assume you're speaking for your client today? Yes, Your Honor. Do you have a piece of paper that says so? How do I know that you're speaking for your client today? I appreciate that, Your Honor. Especially since you sort of shifted the nature of his argument from what you said in your brief to what you did right here today. The worst part is I like what you said in your brief, and yet you've run away from it, so I don't know what to do now. I mean, I thought your argument was this can't be a waiver. He said conditional- there was a conditional component to it, so this can't be an across-the-board waiver, and the existence and scope of waiver is a question of law, and that's something over which the federal circuit does have jurisdiction. That's what I thought your argument was, but you haven't said that at all this morning. Well, then I apologize, Your Honor. Obviously, I have not correctly or properly articulated what was in my brief. That is our position. Can you show me in your brief, Mr. Carpenter, where I can sort of tease this out to say that the flaw here was that the court depended on what the lawyer had said in that letter? The BVA- you're in this saying the BVA cannot rely on a motion or a letter that is filed by counsel for a veteran. Just for a second, before I ask you to leave your brief. The thing that we looked at earlier was the lawyer's letter to the BVA, right? And that was them asking for the conditional remand. So we have to believe that the lawyer wasn't authorized to ask for the conditional remand, right? If the lawyer wasn't- he wasn't authorized to give any of this information- I'm sorry, Your Honor. Somehow the ground has shifted here from what happened at the board versus what happened at the court. My brief tries to focus on what the Veterans Court did when the counsel for the appellant in his appeal raised the question of whether or not the VA's duty to assist had been violated by failing to obtain three years worth of medical records. You didn't give us the brief. I mean, I looked- I didn't see the brief that your client filed with the CAVC here. I mean, from reading the opinion, right? Yes. We would assume that the CAVC had been presented with the argument that you filed this conditional remand motion and that that motion can't be overlooked. Well, Your Honor, the issue that was presented- and I believe it's described in the Veterans Court's decision- as the appellant first argues that the board erred when it found that the VA had satisfied its duty to assist in obtaining records relevant to his claim and cites pages 8 through 11 of the appellant's brief below. I have no idea what's in pages 8 through 11 because you didn't give them to us. I understand that, Your Honor, but the court acknowledged that the first argument presented was that the board erred by having found that the VA's duty to assist had been satisfied when, in fact, there were records of VA medical treatment from the period of the last board decision in 2007 to the current board decision in 2010 that had not been obtained by the VA and associated with the claims file. That's what was presented. Instead of addressing that issue, the court went sua sponte to the question of waiver and, relying upon Jensen, found that there had been a waiver based upon counsel's recommendation. Even if there had been no waiver, then they go on to say that this record shows that the VA has satisfied its duty to assist, that there was no need for any further development because your client's counsel had said there isn't any need. You can adjudicate. So there's this alternative ground. But the alternative ground undermines the basic premise of the VA's duty to assist, which is to fully develop the record. I mean, whether or not the duty to assist has been satisfied is a fact question. We've got no jurisdiction over that. You know, you were here. Remember in your brief in Cook? I dug it up and read it. I mean, in Cook, you said, well, whether it's a question of law or a question of fact. And then after that, we resolved that it's a question of fact. So once we reduce the case down to whether or not there was an adequate satisfaction of the duty to assist, you're out of court because we can't help you. And that's what the case reduces to after all this discussion. Well, I do not believe so, Your Honor, because the court never got to the question of duty to assist. The court circumvented the duty to assist. I read you from the decision what they said. Thus, the court holds that the board did not clearly err on a fact question when it determined that the VA had satisfied its duty to assist. I'm reading from the appellant. Even if there was no waiver. Well, but Mr. Carpenter seems to contradict you. The board decision itself at page JA149 says VA has satisfied its duty to notify and assist and additional development efforts would serve no useful purpose. So it seems to me that they're holding in the alternative that even if you're right and there was no waiver, it's effectively harmless error. Are you arguing that they're obligated to assist even if the assistance wouldn't aid the veteran? No, Your Honor, but I am suggesting that it was inappropriate for the Veterans Court to speculate about what that outcome would have been because those records were simply not before the board. And if those records were not before the board, then it's impossible to make that harmless error determination. Okay, well, we'll give you two minutes of rebuttal. You're almost out of your time. Let's hear from the government. Ms. Whitworth? Yes, Your Honor. May I proceed? May it please the court. I'd like to start by addressing a question that Judge Moore asked, which is what is this court's jurisdiction to examine the question of waiver? And it depends on what the exact issue that is before the court today. If the question is what is the scope of the rule of waiver, the doctrine of waiver, or if we're discussing sort of on a hypothetical level whether conditional waivers of this type should be submitted in the context of VA benefits, then yes, we would concede under this court's case jurisdiction that the court could review this issue. What did you understand Mr. Carpenter's point to be in his brief? You heard what he said here today. What did you understand him to be saying was wrong with what had happened in this case? Well, I think that depends, Your Honor, on whether we're talking about the issues that were raised in the brief or those that appear to be being raised for the first time today. When Mr. Carpenter files a blue brief, the government is expected to respond to it. And then Mr. Carpenter is expected to respond to your brief. And then Mr. Carpenter oftentimes comes to the court and he has a new twist on his case that you were not prepared to know about. Did you understand Mr. Carpenter's argument to be that it should be against the law as a matter of interpreting waiver law ever to allow a counsel for a veteran to cause a waiver to exist? No, Your Honor. We believe that's an issue that's being raised for the first time today. In Mr. Colon-Rivera's opening brief, he raised the issue of whether the record supported a knowing and voluntary waiver, which as the Supreme Court has held, that is a question of fact, which is why we devoted some of our brief to discussing the jurisdictional obstacle here. Well, I suppose we could save him from a frivolous argument by saying when he says the record didn't show a knowing voluntary waiver by his client, he would say, well, that's because there's nothing in the record that was an affidavit from the veteran saying I authorize my lawyer to do this. Certainly not, but the issue of whether counsel has the ability to waive his or her client's statutory or regulatory rights was never raised in the brief. In the brief, the issue was… Because the government has a position… Well, counsel, I look at the blue brief on page 5 under summary of the argument, and there it states, the record before the lower court does not support a knowing waiver by Mr. Colon-Rivera of the VA's duty to assist, and the holding of the veteran's court should be set aside as unlawful. Though that sentence doesn't spell out what he means by a knowing waiver. It seems to me that he could reasonably argue now that he was raising the issue under that sentence. Did you see that sentence? I do, Your Honor. I mean, we did not interpret that sentence to mean that a counsel cannot waive statutory rights on behalf of a client. We read that to mean if you look at the record and the statements that were made on page 134, which I believe Your Honor read earlier, that those statements do not amount to a knowing waiver, whether that waiver was made by counsel or by the appellant. So we didn't interpret the issues to… Well, you especially would have thought they'd have a little more clarity when the CAVC decision had also hinged on the fact that we expect a lawyer, you know, a good lawyer in good standing knows what he says and says what he knows and means what he says. Certainly, Your Honor. I mean, the veteran's court actually cited… Mr. Carver hit the ball here, I think, a little bit. I would agree that this issue certainly wasn't evident to us in the brief. Does the government have a position on Mr. Carver's argument today, namely that counsel can't waive for the veteran? I realize we haven't had a chance to think much about it. Certainly, Your Honor. I mean, I haven't looked at, you know, to see whether there's any federal circuit precedent on this issue, but the decision that was cited in the veteran's court decision here, which is Robinson v. Peek, that case states that the board may assume that an experienced attorney in veterans law says what he means and means what he says. And I realize that that's not specifically addressing the issue of waiver, but I think it's reasonable for the court to assume that, you know, representatives speaking on behalf of their clients, that the court can rely upon that. And so when we have a representative counsel who is, you know, stating that my client is representing that the record is complete, that any further development would be detrimental to my client, and that the court should, or the board here, should proceed to adjudicate the case as soon as possible… Why don't we talk for a minute, though, about the other argument that I thought Mr. Carpenter made, the one in the brief that you described. Why isn't that a question of the scope or existence of waiver? Mr. Carpenter says no waiver exists here because all the attorney said was, we don't think you need any more to find for us. If you think that we haven't established our case, we have more medical evidence. There exists records post-May of 2007 that can be added to the record. Why isn't that very much a question of whether a waiver exists in this case, which you and I both agree under the law is a question of law, as opposed to the issue that everyone seems to be focusing on in oral argument today, which is, was there a knowledge component, which I agree with you, is clearly a question of fact under the Supreme Court's jurisprudence. So why isn't his argument, or why don't you address his argument, which as I understand it is, there is no waiver here. No waiver exists. And that's a pure question of law. Statutory interpretation. I've got to look at this sentence. It's not application of law to fact, because there's no factual component. I've got to look at this sentence and say, does a waiver exist in this sentence, much like I would interpret a statute or a reg as a legal matter. So why don't we have jurisdiction over that? I believe, Your Honor, when we're looking at whether the court here properly applied the waiver rule in Janssen, when the court is applying that rule to the statements that Mr. Colon Rivera made through counsel, we would assert that that is a question of fact. Now, under what precedent? That is the question of does there exist a waiver in this case? That necessarily involves looking at whatever statement you're claiming is a waiver. How? Under what law is looking at the statement that you claim to be a waiver, which he says doesn't evidence a waiver, a question of fact? Do you have any case? The case that we cited in our brief, Your Honor, was the Supreme Court's case in Tacon, which says that the issue of whether conduct or statements amounts to a knowing and intelligent waiver of a statutory or regulatory right is a factual issue. That was the knowledge part. That case goes to knowledge, whether or not somebody intended to do something, knew they did it. But isn't that a different question from whether a waiver exists? And if not, then why do all the cases say existence is a question of law? We spend a lot of time talking about is there jurisdiction? Are you allowed to talk to me? And isn't it better to say let's just assume for purposes of argument it's okay for us to talk together so we can get to the bottom of this? And I think that's the question that I thought Mr. Carpenter was bringing to us. And I think the question is whether conditional waivers of this type should be permitted in this context, whether or not it's a conditional waiver. Whether a waiver which is conditioned upon a certain outcome, such as the granting or denying of a claim, should be permitted. And I do agree, we would concede that that is a question of law. And I think here, for the reasons that we stated in our brief, this is problematic. A conditional waiver of this type would be inconsistent with this court's case law that says that the VA has to determine, has to comply with its duty to exist, and that that is a threshold question. Whether the record is sufficient for adjudication is a decision that must be made before the record is submitted. If you look at Mr. Carpenter's reply brief on page 6, he's responding to your arguments in your brief that if the conditional remand motion never evades the duty to exist, it's going to gum up the way these cases get decided. Because you have a case that's supposedly ready to be adjudicated by the VVA, and the veteran's lawyer said it's ready to go. And so the VVA adjudicates and rules against the veteran. They have a decision that kicks the time for filing your appeal up to the CAVC, yet they have to stop, apparently, and then send the case back, right, for further development? Yes, Your Honor. Is that your view of how it would work? Assuming that, in this case, assuming that the VVA had decided to grant the lawyer's motion for the conditional remand, what would have happened? In this particular case, if they had been granted, or these types of waivers are permitted, then the board would have adjudicated the case. It would have applied the law to the record. In the event that it denied the claim, which is what happened here, it would have remanded the claim back down to the regional office. And, again, we're assuming that the records are relevant, which, you know, as a separate issue. The remand nullifies the timing for filing the notice of appeal upstairs, right? Yes, Your Honor. Yes, Your Honor. And, you know, this just gets to the point you made in our brief, that, you know, piecemeal adjudication of claims is not in the best interest of the veteran, and it's costly and inefficient for, you know, the VA. I mean, this is a very claimant-friendly system, but having this piecemeal… But here, this is a different situation. There are actually known additional records in existence that aren't part of this record, and so you're worried about piecemeal adjudication. And I would agree with you. If this were a statement by the veteran that, okay, well, if you don't think there's enough in this record, then I want you to remand because we'll go search for other stuff. But there are concrete, pointed-to, identified other records that have not been included in this file. Doesn't that represent a sort of unique set of circumstances, and wouldn't that limit the universe of concern over piecemeal adjudication? Because this veteran isn't saying, and we certainly wouldn't hold, that anytime you're not going to win, you get to reopen, even if you don't have something like this you can point to. Well, I still think you run into the problem of piecemeal adjudication, Your Honor. You know, in this case, you know, if we were to decide that these records were relevant, which, again, is sort of the second issue that we haven't discussed yet, but if these records were relevant, we think that the board would have had a duty to remand to obtain these records. I mean, it did not have the full record before it. In this particular case, however — Let me ask a point of fact. Did the BVA know that the additional records were existing? Did that letter — the letter didn't talk about the additional records. Didn't it counsel? It did, Your Honor. The letter that you read earlier, which is on page 134 in the record, and I think goes to 136, that was submitted to the board by Mr. Colon-Rivera's counsel. Okay. They continue to receive medical care for his lower back disability. Right. So your argument — let's — we only have a few minutes left, and let's jump to your second argument. Your argument is — if I understand it, let me know if I'm characterizing it correctly. Your argument is that regardless of the waiver, that it's almost like a harmless error argument, because here the board expressly found that the additional medical records, even though they weren't in evidence, couldn't have helped because the issue here was did he fall during service, and there was no credible evidence that he did, and medical records from 2007 can't possibly help on that point. They're only going to be relevant to the nature and severity of the current injury. Certainly, Your Honor. Is that a correct assessment? So even if he's right about waiver in this case, there would be no reason to remand because those records that he's pointing to couldn't possibly help him establish the element that was missing from his claim, which wasn't is he currently disabled or what is the nature of his current disability. That's correct, Your Honor. I mean, the court doesn't even need to reach the issue of conditional waiver or the scope, the proper scope of waiver here because it can affirm based on the Veterans Court's alternative holding, which was the issue in the case is service connection. It's nexus. It's not — Technically, I don't think we can affirm on that ground. I think we would have to dismiss. But whether or not the duty to assist is satisfied has clearly been held to be a fact question. It is, Your Honor. I mean, unless the court were prepared to say that medical treatments in all cases will always be relevant, this is and this must be a factual determination. I mean, the court would have to look at what was before the board, what evidence had already been submitted, the board's understanding of what is typically contained in medical treatment records. We're to presume that at least the CAVC reviewed the additional medical records. There's no indication in the record whether these additional records were ever presented before the board or the Veterans Court. So what the board did — But no representation had been made by the Veterans Council, assuming the Veterans Council was authorized to speak to the veteran, that there was no representation by the Veterans Council that the medical records were pertinent. That went to the question of in-service occurrence. That's correct, Your Honor. There was no indication that these records were necessary to substantiate the claim, that they would go to the issue of nexus or service connection. Is there any law that says the burden is on the veteran to point out the relevance of the documents that they want to have put in suit? No, Your Honor. But again, in this case, when you look at everything that was before the board, the board had the in-service medical records. It had subsequent, several years of post-service treatment records. It has its own understanding, of course, of what the issues are in the case, what would be necessary to substantiate the claim. And after considering that, the board or the Veterans Court notes, and, oh, by the way, the veteran hasn't identified any reason why these would assist him in substantiating the claim. Is that because all of those records were post-2007 records? They were later-dated records, yes, Your Honor. And they were treatment records. And I'm almost out of time here, Your Honor. But the reason they weren't relevant was not necessarily because of the date. I think that probably factored into it. But it was because of the nature of the records, because they related to treatment, which would tend to prove nature, severity, current treatment, but not the issue of nexus. Was this an injury that was caused by the fall of the service? Because there were contemporaneous treatment records, in-service treatment records. There were a number, yes, Your Honor, there were a number of in-service treatment records, which indicated no back injuries of the nature we have here. The duty to assist, if I'm not mistaken, also applies to the BVA. If the BVA becomes aware of something that might be useful, the BVA has to slow down and go get it, right? Yes, Your Honor. So what happens in practice when an authorized counsel speaking on behalf of their client says, there are some additional records and you ought to ensure that you've got all these medical records and associate them with this file before a final disposition of this appeal? Would ordinarily someone at the BVA go look at those records? The board would have to make a decision, Your Honor,  I'm asking you as a matter of practice, once the flag is raised, that says, I mean, I think it's ready to go, but there's some more records down here. Does the presumption of regularity assume that someone at the BVA goes and looks at those records to see if they should be brought up and put in the record for adjudication before the BVA? I'm not entirely sure, Your Honor, but I believe the board could either remand to the regional office to consider these records in the first instance, or it could ask for these records to be presented directly to the board to consider. Why don't we let Mr. Carpenter have the rebuttal. I thank government counsel for the argument. Thank you, Your Honor. Your Honor, this court in Moore indicated that the legal standard for relevance requires the VA to examine the information that it has related to medical records, and if there exists a reasonable possibility that the records could help the veteran to substantiate the benefit, then the duty to assist requires them to obtain those records. Also, this court in Wagner was... Are you alleging that the records that are not part of this record pertain in any way or lend any insight into causation, i.e., did he fall during service or not, as opposed to simply the state of his medical treatment? In this record, there are competing medical nexus opinions, a positive opinion in favor of nexus and a negative opinion against nexus. In the existing record. In the existing record. And so it seems to me, Your Honor, that these additional records go to which of those two opinions should be considered more probative by the board based upon any comments that are made in those records. The problem was, though, you're not... I mean, you're characterizing in this nexus, and I think technically that's right, but the reason that they rejected the medical opinion they rejected is not because they thought there was any flaw in the medical opinion, but rather because the underlying representations that they believed Mr. Colin Rivera made to the doctor, which he then based his opinion on, the underlying facts that he purported were not credible. And so the problem is I don't see how a later medical treatment record of his could overcome that defect, because the board's already decided he's not credible with regard to the fall in service. And so some doctor he's seeing in 2007, how can that in any way change his credibility regarding what happened when he was in service? Well, one way in which it could change would be if that treating doctor post-2007 indicated that he found the representations of the veteran to be credible, and that... I don't follow that at all. Well, Your Honor, the doctors all... The RO found that the veteran was influencing the physician, and that went to the credibility as well. In the context of the favorable medical opinion? The negative opinion. Well, the favorable opinions here that were... I see. I got it twisted. The favorable opinions in this case that were discounted by the BBA, were discounted on the grounds that it was in terms of in-service occurrence, it was the doctor saying, well, you told me it happened, so I believe you, right? Yes. And we've allowed that kind of discounting to occur. Yes. But the question is, Your Honor, how this court should determine this whole question of harmless error or outcome. And I believe that this court's decision in Wagner gives us guidance in that regard when the outcome of the proceedings is simply not quantifiable. We can't quantify what those three years' worth of BA medical treatment records would or would not have said that may or may not have related to the ultimate disposition of the case. You're sort of asking for a hair-type decision here on the duty to assist. No, Your Honor. Because the legal matter of trying to decide whether or not a particular record would have been useful or not is under the umbrella of the duty to assist as a fact question. Except, Your Honor, this court and more found that the failure to obtain service records that were in a question that related to the severity of a current disability were potentially relevant because it had to do with the ongoing nature of that disability. And we believe that the same analysis... But that's also a twist that's way outside of where your brief is. Well, Your Honor, we cited more in our brief as the basis for why this court should consider this issue as a question of law within its jurisdiction. Mr. Carpenter, I think we have to move on to a final thought. No, I'm done. Okay. Thank you very much. I thank both counsel for the argument. It's been helpful to the court.